FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 21, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LAURA M.,<br><br>　　　　　　Plaintiff,<br><br>　-vs-<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security<br><br>　　　　　　Defendant. | No.　2:23-CV-0062-WFN<br><br>ORDER |

　　　　Laura M. [Plaintiff] brings this action seeking judicial review of the Commissioner of Social Security's final decision denying her application for disability benefits. ECF No. 1. Attorney Jordan Goddard represents Plaintiff. Special Assistant United States Attorney Sarah Moum represents the Commissioner [Defendant]. After reviewing the administrative record and the briefs filed by the parties, the Court **AFFIRMS** the Commissioner's final decision.

## JURISDICTION

　　　　Plaintiff applied for Supplemental Security Income and Disability Insurance Benefits on April 1, 2019, alleging disability beginning on February 8, 2018. Tr. 16, 344–45, 788-97. The applications were denied initially, Tr. 439–68, and on reconsideration, Tr. 471–504. Administrative Law Judge [ALJ] Lori Freund held hearings on February 16, 2021, April 19, 2021, and November 9, 2021, Tr. 339–436, and issued an unfavorable decision on December 29, 2021, Tr. 16–33. The Appeals Council denied review on January 25, 2023. Tr. 1–6. The ALJ's December 2021 decision became the Commissioner's final decision, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on March 8, 2023. ECF No. 1.

ORDER - 1

# FACTS

Plaintiff was born in 1981 and was 36 years of age as of her alleged onset date. Tr. 32, 789. She has completed some college and has past work as a customer service representative, a team lead, a childcare worker, and a secretary. Tr. 32, 395. Plaintiff alleges disability based on narcolepsy, rheumatoid arthritis, bipolar disorder, and post-traumatic stress disorder [PTSD]. Tr. 410.

# STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995). The Court reviews the ALJ's legal conclusions *de novo* but gives deference to a reasonable interpretation of a statute the agency is charged with administering. *See McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The ALJ's decision will be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097–98 (9th Cir. 1999). Substantial evidence is more than a scintilla, but less than a preponderance. *Id*. at 1098. Put another way, "'[i]t means such relevant evidence as a reasonable mind might assess as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for the ALJ's. *Tackett*, 180 F.3d at 1097–98; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). The ALJ's decision is conclusive if it is supported by substantial evidence, even if conflicting evidence supports a finding of either disability or non-disability. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987). But a decision supported by substantial evidence will still be set aside if it is based on legal error. *Brawner v. Sec'y of Health & Hum. Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

# SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v.*

*Yuckert*, 482 U.S. 137, 140–42 (1987). In steps one through four the claimant bears the burden of establishing disability. *Tackett*, 180 F.3d at 1098–99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193–94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, she will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On December 29, 2021, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 16–33.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 19.

At step two, the ALJ determined Plaintiff had the following severe impairments: "rheumatoid arthritis, trochanteric bursitis of the hips, obesity, posttraumatic stress disorder [PTSD], generalized anxiety disorder, bipolar II disorder, and unspecified personality disorder." *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 21–22.

The ALJ assessed Plaintiff's Residual Functional Capacity [RFC] and found she can perform light work except she

> could sit for six hours total in an eight-hour workday and stand/walk for a total of up to four hours in an eight-hour workday. She would also need a sit/stand option allowing for changes in positioning every 30 minutes for approximately two minutes before resuming work activities. The claimant could bever climb

ORDER - 3

ladders, ropes, or scaffolds or work at unprotected heights. She could only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. Pushing and pulling with the upper extremities could be performed on a frequent basis, as could reaching overhead bilaterally. Handling and fingering, bilaterally, would be limited to the frequent basis. The claimant would need to avoid concentrated exposure to extreme cold, excessive vibrations, the operational control of machinery, and working around hazards. The claimant could perform only simple and repetitive tasks with only occasional changes in awork setting. She would need to avoid working directly with the general public or in the vicinity of large groups of people. She could have superficial interaction with coworkers but no tandem tasks could be performed. Finally, the claimant should avoid fast-paced, timed production work (such as assembly belt work).

Tr. 22–23.

At step four, the ALJ found Plaintiff was unable to perform past relevant work. Tr. 31–32.

At step five, the ALJ found, based on the vocational expert's testimony, and considering Plaintiff's age, education, work experience, and RFC, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform. Tr. 32–33. The ALJ specifically identified the representative occupations of bench assembler, hand packager, and office helper. *Id.*

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date. Tr. 33.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether the decision is based on proper legal standards.

ORDER - 4

Plaintiff contends the ALJ erred by (1) improperly rejecting Plaintiff's symptom testimony, (2) improperly assessing medical opinion evidence, and (3) improperly assessing lay opinion testimony.

## DISCUSSION

### (1) Plaintiff's Symptom Testimony

Plaintiff contends the ALJ erred by rejecting her symptom testimony without reasons that were specific, clear, and convincing. ECF No. 7 at 3–12.

It is the province of the ALJ to make determinations regarding a claimant's subjective complaints. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281; *see also Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

Plaintiff testified she cannot work because of "a combination of everything, [her] narcolepsy, [her] rheumatoid arthritis, and [her] mental health." Tr. 385. Regarding mental health, Plaintiff said she has only about three or four good days per month and on bad days has to sleep, watch television, and seclude herself all day. Tr. 24, 394. Regarding her physical health, Plaintiff testified that she cannot drive for more than ten minutes without disabling hip pain, Tr. 24, 392–93, and that she can sit for no more than thirty minutes without needing to stand up, Tr. 24, 403. She also said that she would not be able to type or write because her hands would become too stiff and painful. Tr. 24, 405.

ORDER - 5

  The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, she found Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 23–31.

  The ALJ rejected Plaintiff's physical impairment claims as inconsistent with persuasive medical opinions, objective findings in the record, Plaintiff's inconsistent statements regarding her symptoms, and Plaintiff's improvement with conservative treatment. First, the ALJ determined Plaintiff's claims regarding her physical impairments were inconsistent with persuasive medical opinions and findings in the record. J.D. Fitterer, M.D., Howard Platter, M.D., and Kweli J. Amusa, M.D., all concluded Plaintiff's physical impairments were not as limiting as alleged. Tr. 24–25. The ALJ discussed all three opinions and found them persuasive because they were consistent and well supported. *Id.* Findings showed Plaintiff had full range of motion in all joints, normal gait, strong grips, no swelling, and mild tenderness. Tr. 25–27. She was also able to make fists. Tr. 26. Second, the ALJ found Plaintiff's statements to providers were inconsistent with her claimed symptoms. Tr. 26. She told her doctor that her arthritis was well controlled and that her only physical complaint was her hip. *Id.* Third, the ALJ also Plaintiff's physical symptoms improved with medication and physical therapy, and that Plaintiff's objective findings continued to be fairly normal even when she was not engaging in treatment. Tr. 26.

  The ALJ's reasons for rejecting Plaintiff's testimony regarding her physical symptoms are acceptable. *See Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 416.920(a); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

  The ALJ rejected Plaintiff's testimony regarding her mental impairments as inconsistent with Plaintiff's normal objective findings, inconsistent statements, activities, and conservative course of treatment. First, Plaintiff was observed to be engaging and cooperative, and to have fair to normal insight and judgment, intact cognition, adequate attention and concentration, normal memory, and adequate grooming. Tr. 27–30. Plaintiff's

ORDER - 6

mental status evaluations and cognitive screening were also normal. Tr. 28. Second, contrary to Plaintiff's hearing testimony, she reported to mental health providers that her depression was well controlled and that she was doing activities around the house, socializing, and even dating. *Id.* Third, the ALJ found Plaintiff was not consistently engaged in treatment. Tr. 29, 31.

The ALJ's reasons for rejecting Plaintiff's testimony regarding her physical symptoms are acceptable. *See Molina*, 674 F.3d at 1113; *Thomas*, 278 F.3d at 957; *Rollins*, 261 F.3d at 857.

Plaintiff argues the ALJ erred by not being specific enough in her reasons for discounting Plaintiff's symptom testimony. ECF No. 7 at 5–6. The ALJ described her consideration of Plaintiff's claims and her consideration of the medical opinions together in the same section of the ALJ's written decision. *See* Tr. 24–31. Plaintiff contends the Court can look only at the paragraphs dedicated solely to discussion of Plaintiff's symptom claims. ECF No. 7 at 5–6. But the ALJ was not required "to perform a line-by-line exegesis of the claimant's testimony." *Lambert v. Saul*, 980 F. 3d 1266, 1277 (9th Cir. 2020). The ALJ's reasons for rejecting Plaintiff's testimony are clear to the Court, and those reasons are specific and have the power to convince. Therefore, the ALJ's reasoning was sufficient. *See id.*; *see also Molina*, 674 F.3d at 1112.

Next, Plaintiff argues the ALJ erred by rejecting Plaintiff's symptoms due to Plaintiff's improvement with treatment. ECF No. 7 at 7–11. Plaintiff contends treatment did not actually improve her condition to the point that she was no longer disabled, and that any apparent improvement was just the temporary waning of symptoms. *Id.* Similarly, Plaintiff argues her symptom claims were actually consistent with her activities and the objective findings, and that the ALJ erred by finding otherwise. *Id.* Plaintiff cites evidence in the record to support all of these arguments. *See id.* However, based on the evidence, a reasonable person could agree with the ALJ's findings. Therefore, the Court must affirm the ALJ's conclusion. *See Morgan*, 169 F.3d at 599.

ORDER - 7

The Court will uphold the ALJ's reasoning because it is supported by specific, clear, and convincing reasons. *See Smolen*, 80 F.3d at 1281.

**(2) Medical Opinion Evidence**

Plaintiff alleges the ALJ erred by improperly evaluating the opinions of Ryan Townsend, A.R.N.P., and Kayleen Islam-Zwart, Ph.D. ECF No. 7 at 12–18.

The ALJ considers the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 404.1520c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors, such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program. *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how she considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(b). The ALJ may explain how she considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

(1) *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion[s] or prior administrative medical finding[s], the more persuasive the medical opinions or prior administrative medical finding[s] will be.

(2) *Consistency*. The more consistent a medical opinion[s] or prior administrative medical finding[s] is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion[s] or prior administrative medical finding[s] will be.

ORDER - 8

20 C.F.R. § 404.1520c(c).

The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787, 792 (9th Cir. 2022). "Now, an ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence." *Id.* at 787.

### *(a) Ryan Townsend, A.R.N.P.*

Mr. Townsend completed opinion forms in May 2019, Tr. 1154–60, and April 2021, Tr. 1912–20. In May 2019 he opined, among other things, that Plaintiff would have marked limitations in her ability to "complete a normal workday and workweek without interruption from psychologically based symptoms"; "perform at a consistent pace without an unreasonable number and length of rest periods"; and "deal with normal work stress." Tr. 1158. In April 2021, Mr. Townsend opined, among other things, that Plaintiff had marked limitations in her ability to "maintain regular attendance and be punctual within customary, usually strict tolerances"; "work in coordination with or proximity to others without being unduly distracted"; "complete a normal workday and workweek without interruption from psychologically based symptoms"; "perform at a consistent pace without an unreasonable number and length of rest periods"; "accept instructions and respond appropriately to criticism from supervisors"; "get along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes"; "respond appropriately to changes in a routine work setting"; and "deal with normal work stress." Tr. 1918.

The ALJ found Mr. Townsend's opinions unpersuasive because they were unsupported by the mostly normal objective findings and Plaintiff's activities, both noted in Mr. Townsend's report and discussed in the previous section. Tr. 28. The ALJ also found Mr. Townsend's report was inconsistent with the medical record and the opinions and findings of Kayleen Islam-Zwart, Ph.D., Gary L. Nelson, Ph.D., and Dan Donahue, Ph.D. *Id.* at 28–30. When Dr. Islam-Zwart evaluated Plaintiff, Plaintiff's scores on the mental

ORDER - 9

status examination and cognitive tests revealed no impairment. *Id.* And Dr. Islam-Zwart persuasively opined Plaintiff had mostly mild psychological impairments with, at most, moderate limitations in a few areas. *Id.* at 28. Dr. Nelson persuasively found Plaintiff had no psychological limitations other than a moderate limitation in interacting with others. *Id.* 29–30. Similarly, Dr. Donahue persuasively found Plaintiff had moderate limitations in concentrating, persisting, or maintaining pace, and mild limitations in understanding, remembering, or applying information, and in adapting or managing oneself. Tr. 30.[1]

      Plaintiff argues the ALJ erred because the objective findings support Mr. Townsend's opinion, and any normal findings were caused by the temporary waning of Plaintiff's symptoms. ECF No. 7 at 13–15. Plaintiff cites records to support her argument. *Id.* Similarly, Plaintiff argues that Dr. Nelson's findings and Dr. Donahue's findings were both "based on temporary improvement and not consistent with the longitudinal record," and that "the ALJ erred in relying on [them] to discount [Mr.] Townsend's opinion." *Id.* at 16. As discussed above, it was reasonable based on the evidence for the ALJ to conclude Plaintiff actually improved when she participated in treatment. Therefore, the ALJ did not err by finding Mr. Townsend's opinion was inconsistent with Plaintiff's improvement with treatment. Nor did the ALJ err in finding that Dr. Donahue's and Dr. Nelson's findings were persuasive. The ALJ discussed supportability and consistency as required, Tr. 29–30, and Plaintiff does not argue otherwise. The ALJ also noted that Drs. Nelson and Donahue were both "knowledgeable of the requirements for establishing disability." Tr. 29, which is an appropriate factor to consider, 20 C.F.R. § 404.1520c(c).

      The ALJ's decision regarding Mr. Townsend's opinion will be affirmed because it is supported by substantial evidence and a sufficient explanation. *See Woods*, 32 F.4th at 787, 792.

---

[1] Dr. Donahue found greater limitations than Dr. Nelson. Tr. 29–30. To the extent their findings conflicted, the ALJ found Dr. Donahue's opinion more persuasive because Dr. Donahue had the opportunity to review more of the record. Tr. 30.

ORDER - 10

     **(b) Kayleen Islam-Zwart, Ph.D.**

     Dr. Islam-Zwart examined Plaintiff in December 2019, Tr. 1761–68, and again in September 2021, Tr. 1986–93. In 2019, Dr. Islam-Zwart opined Plaintiff had only mild psychological limitations, with moderate limitations in a few areas. Tr. 28. The ALJ found this opinion persuasive. *Id.* In 2021, however, Dr. Islam-Zwart opined that Plaintiff had marked limitations in her ability to deal with normal work stress and complete a normal workday or workweek without interruptions from her psychological symptoms. Tr. 1987. The ALJ found the marked limitations from Dr. Islam-Zwart's 2021 report unpersuasive because they were "based largely on the claimant's contemporaneous subjective statement of not feeling that she could work in the future, as her mental health had continued to deteriorate," and those subjective statements were inconsistent with the record and unsupported by objective findings. Tr. 30–31. The ALJ also found that the deterioration observed by Dr. Islam-Zwart was actually caused by Plaintiff's lack of treatment at the time. Tr. 31.

     Plaintiff argues the ALJ erred because Dr. Islam-Zwart's explanation was based not on Plaintiff's own statements, but on Plaintiff's presentation during the examination. ECF No. 7 at 17. Dr. Islam-Zwart wrote that Plaintiff's "presentation is such that she appears unable to work at this time and her prognosis for the future seems guarded to poor." Tr. 1993. But Dr. Islam-Zwart supports her opinion with a summary of Plaintiff's statements, and nothing else in Dr. Islam-Zwart's report supports her conclusion. *See id.* Therefore, it was reasonable for the ALJ to conclude Dr. Islam-Zwart's opinion was unsupported because it was based on Plaintiff's subjective statements.

     Plaintiff also argues the ALJ inappropriately speculated when she concluded that Plaintiff's deterioration was caused by lack of treatment. ECF No. 7 at 17. However, an ALJ is permitted to draw reasonable inferences from the evidence, *see Molina*, 674 F.3d at 1111, and, as discussed above, it was reasonable for the ALJ in this case to conclude that Plaintiff's worsening symptoms were temporary and caused by Plaintiff's lack of engagement with treatment.

ORDER - 11

The ALJ's decision regarding Dr. Islam-Zwart's opinion will be affirmed because it is supported by substantial evidence and a sufficient explanation. *See Woods*, 32 F.4th at 787, 792.

**(3) Lay Opinion**

Plaintiff's mother completed a form stating that Plaintiff has anxiety, limited stamina, and difficulty performing basic activities, and that Plaintiff needed constant reminders. Tr. 852–59. She also wrote that Plaintiff had difficulty walking, standing, sitting, bending, kneeling, and using her hands. *Id*. The ALJ agreed with some of those limitations and incorporated them into the RFC. Tr. 31. However, the ALJ rejected some of the more severe limitations opined by Plaintiff's mother because they were inconsistent with the record as a whole, particularly the very persuasive opinion of Dr. Amusa and the persuasive opinions of Drs. Fitterer, Platter, Nelson, Donahue, and Islam-Zwart. *Id*.

Plaintiff argues, without further elaboration, that the ALJ erred because "the ALJ did not reasonably evaluate the medical opinion[s] or resolve the conflicts between them." ECF No. 7 at 18. However, Plaintiff has not shown that the ALJ was required to reject any of the medical opinions cited. Therefore, Plaintiff has not shown that the ALJ erred in rejecting Plaintiff's mother's opinion as inconsistent with the medical record. *See Britton v. Colvin*, 787 F.3d 1011, 1013 (9th Cir. 2015).

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error. The Court has reviewed the briefs and the file and is fully informed Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's Brief, filed June 7, 2023, **ECF No. 7**, is **DENIED.**

2. Defendant's Brief, filed August 4, 2023, **ECF No. 12**, is **GRANTED**.

The District Court Executive is directed to file this Order and provide copies to counsel. Judgment shall be entered for the Defendant and the file shall be **CLOSED**.

ORDER - 12

**DATED** this 21st day of November, 2023.

11-09-23

_____
WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 13